UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Capitol Records, Inc., *et al.*,           :

        Plaintiffs           :           Civil Action 2:05-cv-711

  v.           :           Judge Sargus

Beverly Norris,           :           Magistrate Judge Abel

        Defendant           :

## Report and Recommendation

This matter is before the Magistrate Judge on plaintiffs' January 9, 2006 motion for default judgment (doc. 14). Defendant Beverly Norris was served with the summons and complaint on July 25, 2005. Defendant filed an answer on August 15, 2005. However, plaintiff did not attend the October 7, 2005 preliminary pretrial conference, nor did she respond to the Show Cause Order directing her to explain her absence from the pretrial conference and why default should not be entered against her. The Clerk of Court entered default on October 25, 2005.

Plaintiffs seek the minimum statutory damages of $750 per infringed work, as authorized under the Copyright Act, 17 U.S.C. § 504(c)(1), for each of the seven sound recordings listed in Exhibit A to the Complaint. Plaintiffs also seek to enjoin defendant from directly or indirectly infringing Plaintiffs' rights under federal or state law in the following copyrighted sound recordings:

- "Tonight the Heartache's on Me," on album "Wide Open Spaces," by artist "Dixie Chicks" (SR# 252-000);
- "Saturday (Oooh! Oooh!)," on album "Word of Mouf," by artist "Ludacris" (SR# 304-605);
- "Men in Black," on album "Big Willie Style," by artist "Will Smith" (SR# 249-

123);

- "WWW.MEMORY," on album "When Somebody Loves You," by artist "Alan Jackson" (SR# 289-367);
- "Mother," on album "The Wall," by artist "Pink Floyd" (SR# 14-787);
- "Livin' On Love," on album "Who I Am," by artist "Alan Jackson" (SR# 202-090);
- "Ghetto Vet," on album "The War Disc," by artist "Ice Cube" (SR# 268-428);

and in any other sound recording, whether now in existence or later created, that is owned or controlled by the Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.

Plaintiffs also seek an order requiring Defendant to destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

Rule 55 of the Federal Rules of Civil Procedure authorizes the court to enter default judgment when a defendant fails to defend an action. Default judgment "is a drastic step which should be resorted to only in the most extreme cases." *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990); *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). Cases should be decided on the merits. *Schwab v. Bullock's, Inc.*, 508 F.2d 353, 355 (6th Cir. 1974).

In cases where a defendant is in default, plaintiff's well-pleaded allegations regarding the defendant's liability are normally accepted as true. *See Antoine v. Atlas Turner, Inc*., 66 F.3d

105, 110 (6th Cir. 1995); *Fair Housing of Marin v. Combs,* 285 F.3d 899, 906 (9th Cir. 2002); *Kelley v. Carr*, 567 F. Supp. 831, 841 (W.D. Mich 1983). However, the plaintiff's damage allegations are not accepted as true. *See Antoine,* 66 F.3d at 110; *Kelley*, 567 F. Supp. at 841; *see also Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."). "Ordinarily, the District Court must hold 'an evidentiary proceeding in which the defendant has the opportunity to contest the amount [of damages].'" *Antoine,* 66 F.3d at 110 (quoting *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158).

> Rule 55 authorizes the recovery of damages in cases where the defendant is in default:
>
> If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Fed. R. Civ. P. 55(b)(1). Rather than seeking actual damages, Plaintiffs are seeking statutory damages in the amount of $5,250.00.

> The Copyright Act of 1976 authorizes an award of statutory damages to a copyright owner when his or her rights have been infringed:
>
> Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.
>
> (2) In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000. In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200.

17 U.S.C. § 504(c).  The Copyright Act of 1976 also authorizes a court to issue an injunction to stop infringing conduct:

> **§ 502. Remedies for infringement: Injunctions**
> (a) Any court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright.

17 U.S.C. § 502.  The Copyright Act of 1976 further authorizes the recovery of costs and attorneys' fees:

> **§ 505. Remedies for infringement: Costs and attorney's fees**
> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505.

Accordingly, the Magistrate Judge **RECOMMENDS** that **DEFAULT JUDGMENT** be entered against Defendant and **RECOMMENDS** that Defendant be **ORDERED** to pay Plaintiff $ 5,250.00 in statutory damages and $687.50 for Plaintiffs' costs.  The Magistrate Judge **FURTHER RECOMMENDS** that Plaintiff's request for an **INJUNCTION** be **GRANTED**.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *See also Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/ Mark R.  Abel
United States Magistrate Judge